FILED

2019 AUG 28 PM 2:58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:19-cr-140-J-32MCR

18 U.S.C. § 472

SAMANTHA JADE FALCONE

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about February 24, 2019, in the Middle District of Florida, the defendant,

SAMANTHA JADE FALCONE,

with intent to defraud, did pass, utter, and publish, and attempt to pass, utter, and publish, a falsely made, forged, counterfeited, and altered obligation or other security of the United States, as defined in 18 U.S.C. § 8, that is, a Federal Reserve Note, which the defendant then knew to be falsely made, forged, counterfeited, and altered.

In violation of 18 U.S.C. § 472.

## **FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. §§ 492 and 982(a)(2)(B), 49 U.S.C. § 80303, and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 472, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation. In addition, pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), the defendant shall forfeit all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles devices, and other things made, possessed, or used in violation of Section 472, or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of the Treasury or other proper officer. Lastly, pursuant to 18 U.S.C. § 492, 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), the defendant shall forfeit any aircraft, vehicle or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of the charged contraband.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

_Deborah N. Heald_
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _Kevin C. Frein_
Kevin C. Frein
Assistant United States Attorney

By: _[signature]_
Frank M. Talbot
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
8/26/19 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

## SAMANTHA JADE FALCONE

## INDICTMENT

Violations: 18 U.S.C. § 472

A true bill,

__*Deborah A. Heald*__
Foreperson

Filed in open court this 28th day

of August, 2019.

__*Inacu S. Penatti*__
Clerk

Bail   $_____

GPO 863 525